CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal
Louis A. Lipner

*Proposed Counsel for the Debtors*
*and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
:
*In re*                                                                : Chapter 11
:
American Roads LLC, *et al.*,[1]                        : Case No. 13-_____ (__)
:
                 Debtors.       : Joint Administration Requested
:
:
---------------------------------------------------------X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) WAIVING**
**THE REQUIREMENT THAT EACH DEBTOR FILE A LIST OF CREDITORS**
**AND AUTHORIZING PREPARATION OF A CONSOLIDATED LIST**
**OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX,**
**AND (II) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED**
**LIST OF THE DEBTORS' THIRTY (30) LARGEST UNSECURED CREDITORS**

**("CONSOLIDATED CREDITOR LIST MOTION")**

American Roads LLC ("American Roads") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby file this motion (the "Motion"), seeking entry of an order substantially in the form attached hereto as Exhibit A, (a) waiving the requirement that each of the Debtors file a list of creditors and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are: Alabama Black Warrior Parkway, LLC [2479], Alabama Emerald Mountain Expressway Bridge, LLC [2480], Alabama Toll Operations, LLC [2483], American Roads Holding LLC [3194], American Roads LLC [3196], American Roads Technologies, Inc. [2016], Central Alabama River Parkway, LLC [2478], Detroit Windsor Tunnel LLC [1794], DWT, Inc. [7182] and The Baldwin County Bridge Company L.L.C. [8933].  For the purpose of these cases, the service address for the Debtors is: 100 East Jefferson Avenue, Detroit, Michigan 48226.

authorizing the Debtors to prepare a consolidated list of creditors in lieu of submitting a formatted matrix, (b) authorizing the Debtors to file a single, consolidated list of the Debtors' thirty (30) largest unsecured creditors, and (c) granting the Debtors such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 521(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 1007(a)(1) and (d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Orders M-192, M-399, M-408 and M-409 (the "Standing Orders") of the United States Bankruptcy Court for the Southern District of New York (collectively, the "Notice Rules").

## BACKGROUND

**A.    The Chapter 11 Filings**

4. On the date hereof, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date and time of such filing, the "Petition Date"). The

2

Debtors have filed a motion seeking joint administration of their chapter 11 cases (the "Chapter 11 Cases") under Bankruptcy Rule 1015(b) and consolidation for procedural purposes only.

5.   The Debtors are operating their business as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' Chapter 11 Cases.

6.   The Debtors have commenced these Chapter 11 Cases to effectuate a restructuring of their balance sheet burdened by more than $830 million in financial debt arising under certain swap agreements (the "Swaps") and the bonds issued under certain bond indentures (the "Bonds")  in accordance with a prepackaged chapter 11 plan (the "Plan") that has been accepted by Syncora Guarantee Inc. ("Syncora"), the only creditor entitled to vote on the Plan.

7.   A more complete description of the Debtors' corporate structure and business, and the events leading to the Chapter 11 Cases, are set forth in the *Declaration of Neal Belitsky in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "First Day Declaration") and the *Disclosure Statement for the Debtors' Joint Prepackaged Chapter 11 Plan* (the "Disclosure Statement"), each filed on the date hereof.

## RELIEF REQUESTED

8.   By this Motion, the Debtors seek entry of an order (a) waiving the requirement that each debtor file a list of creditors and authorizing the Debtors to prepare a consolidated list of creditors in lieu of submitting a formatted matrix and (b) authorizing the Debtors to file a single, consolidated list of the Debtors' 30 largest unsecured creditors.

**BASIS FOR RELIEF**

A.  **Cause Exists to Waive the Requirement for Each Debtor to File a List of Creditors and to Authorize the Debtors to Prepare a Consolidated List of Creditors in Lieu of Submitting a Formatted Mailing Matrix**

9.  Pursuant to the Notice Rules, a chapter 11 petition must be accompanied by a list of creditors containing the name and address of each entity that is to be included on each of a debtor's schedules of liabilities. Section 521(a)(1) of the Bankruptcy Code states that "[t]he debtor shall – file a list of creditors . . . .", and is implemented by Bankruptcy Rule 1007(a)(1), which requires a debtor in a voluntary case to "file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G and H as prescribed by the Official Forms." 11 U.S.C. § 521(a)(1); Fed. R. Bankr. P. 1007(a)(1).

10. Local Rule 1007-1 also requires, however, that a debtor must comply with any standing orders issued by this Court when "filing any lists, schedules, or statements pursuant to Bankruptcy Rule 1007." Bankr. S.D.N.Y. R. 1007-1. Gen. Order M-399 (Bankr. S.D.N.Y. May 17, 2010) provides that a debtor filing a case electronically must upload the creditors' matrix on the Court's electronic filing system and file the list of creditors on the case docket, each containing the information regarding creditors required by Bankruptcy Rule 1007(a)(1). See Bankr. S.D.N.Y. Gen. Order M-399.[2] Additionally, Gen. Order M-409 (Bankr. S.D.N.Y. Sept. 22, 2010)[3] mandates that any debtor having more than 1,000 creditors must retain an approved claims and noticing agent pursuant to 28 U.S.C. § 156(c), which section authorizes a court to use non-court facilities or services for "the provision of notices, dockets, calendars, and other

---

[2]  Additionally, Gen. Order M-408 (Bankr. S.D.N.Y. Sept. 22, 2010) provides that in cases where claims agents are not retained, the debtor's counsel must (1) file the list of creditors on the docket and (2) upload the creditors' matrix into the ECF creditors' database at the time of filing the petition.

[3]  Gen. Order M-409 states that Gen. Order M-409 supersedes Gen. Order M-192. Gen. Order M-409, however, does not address the filing of a list of creditors.

administrative information to parties in cases filed under provisions of title 11, United States Code . . . ." Bankr. S.D.N.Y. Gen. Order M-409.

11.     The Debtors submit that waiving the requirement that each of the Debtors file a list of creditors and permitting them to maintain a consolidated list of their creditors in electronic format, in in lieu of filing a creditor matrix, is warranted under the circumstances of these Chapter 11 Cases. The Debtors' presently maintain various computerized lists of the names and addresses of their respective creditors. Accordingly, the Debtors believe that maintaining a list of creditors in electronic format rather than preparing and filing separate matrices will maximize administrative efficiency, increase accuracy and reduce costs to the benefit of the Debtors' estates. Furthermore, as a result of the prepackaged nature of these Chapter 11 Cases and the Debtors' planned short stay in bankruptcy, the Debtors do not believe that any party in interest will be prejudiced or otherwise materially impacted by the maintenance of a consolidated creditor list.[4]

12.     Moreover, contemporaneously with this Motion, and in accordance with Gen. Order M-409, the Debtors have filed an application to retain Epiq Bankruptcy Solutions, LLC ("Epiq") as their claims and noticing agent in these Chapter 11 Cases. If that application is granted Epiq will, among other things, (a) assist with the consolidation of the Debtors' computer records into a creditor database and (b) complete the mailing of notices to the parties in such database.

13.     After consultation with Epiq, the Debtors believe that preparing the consolidated list in the format or formats currently maintained in the ordinary course of business will be sufficient to permit Epiq to promptly provide notices to all appropriate parties. Given that Epiq

---

[4]     In order to further minimize any potential prejudice, the Debtors are prepared to make their consolidated list of creditors available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the Clerk of the Court.

will receive a list of creditors and will use this list to furnish notice in these Chapter 11 Cases, filing a separate list of creditors will serve no independent purpose.

14.     In light of the foregoing, the Debtors submit that the proposed maintenance of a consolidated, electronic list of creditors by Epiq is warranted under the facts and circumstances present here, and is similar to relief routinely granted by this Court in other chapter 11 cases. See, e.g., Order, In re LodgeNet Interactive Corp., Case No. 13-10238 (SCC) (Bankr. S.D.N.Y. Jan. 29, 2013), ECF No. 44; Order, In re Hawker Beechcraft, Inc., Case No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012), ECF. 38; Order, In re Pinnacle Airlines Corp., Case No. 12-11343 (REG) (Bankr. S.D.N.Y. April 3, 2012), ECF No. 40; Order, In re TBS Shipping Servs. Inc., Case No. 12-22224 (RDD) (Bankr. S.D.N.Y. Feb. 10, 2012), ECF No. 48; Order, In re Dynegy Holdings, LLC, Case No. 11-38111 (CGM) (Bankr. S.D.N.Y. Nov. 15, 2011), ECF No. 60.[5]

**B.     Filing a Single Consolidated List of the Debtors' 30 Largest Unsecured Creditors is Warranted**

15.     Section 521(a) of the Bankruptcy Code requires the Debtors to file a list of creditors and Bankruptcy Rule 1007(d) further requires the Debtors to file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders . . . ." Fed. R. Bankr. P. 1007(d). As many creditors are shared amongst certain of the Debtors and the Debtors largely operate as a coordinated enterprise, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors.[6]

---

[5]     Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

[6]     The consolidated list of the Debtors' 30 largest unsecured creditors described herein is attached as an exhibit to each of the Debtors' petitions.

6

16. The exercise of compiling separate top 20 creditor lists for each individual Debtor would consume the Debtors' time and resources otherwise needed to prepare for the filing of these Chapter 11 Cases, continue the Debtors' operations and implement the Plan. Further, the Debtors believe that a single, consolidated list of the Debtors' 30 largest unsecured, non-insider creditors will aid the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") in any potential efforts to communicate with these creditors. As such, the Debtors believe that filing a single, consolidated list of the 30 largest unsecured creditors in these Chapter 11 Cases is appropriate and in the best interests of the estates.

17. Finally, relief similar to that requested in this Motion has been granted by this Court in other chapter 11 cases. See, e.g., Order, In re Hawker Beechcraft, Inc., Case No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012), ECF No. 38; Order, In re Grubb & Ellis Co., Case No. 12-10685 (MG) (Bankr. S.D.N.Y. Feb. 21, 2012), ECF No. 21; Order, In re TBS Shipping Servs., Inc., Case No. 12-22224 (RDD) (Bankr. S.D.N.Y. Feb. 10, 2012), ECF No. 48; Order, In re Gen. Mar. Corp., Case No. 11-15285 (MG) (Bankr. S.D.N.Y. Nov. 18, 2011), ECF No. 25; Order, In re Dynegy Holdings, LLC, Case No. 11-38111 (CGM) (Bankr. S.D.N.Y. Nov. 15, 2011), ECF No. 60.[7]

## NOTICE

18. Notice of the Motion has been given via facsimile, electronic transmission, hand delivery or overnight mail to (i) the U.S. Trustee; (ii) counsel to Syncora; (iii) counsel to the Collateral Agent; (iv) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; and (vii) all others that are required to be noticed in accordance with Bankruptcy

---

[7] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

Rule 2002 and Local Rule 2002-1.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

19. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto; and (iii) grant such other and further relief as it deems just and proper.

Dated:  July 25, 2013   CLEARY GOTTLIEB STEEN & HAMILTON LLP
       New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Louis A. Lipner
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Proposed Counsel for the Debtors
and Debtors in Possession*